The document below is hereby signed.

Signed: November 13, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JACQUELINE M. KING, | ) | Case No. 15-00511 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | | West's Bankruptcy Reporter. |

### MEMORANDUM DECISION RE MOTION TO DISMISS

The court will grant the chapter 13 trustee's motion to dismiss this case.

I

The debtor was required to obtain prepetition credit counseling unless she fit within an exception to 11 U.S.C. § 109(h)(1). She has filed an Exhibit D to her petition, stating:

> I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

and summarizing the exigent circumstances as "Extension requested; emergency filing necessary."

This was an attempt to invoke the exception of 11 U.S.C.

§ 109(h)(3)(A) to the prepetition credit counseling requirement. However, under § 109(h)(3)(A)(i), the certification must be one that "describes exigent circumstances that merit a waiver of the requirements of paragraph (1)." The debtor's certification fails to describe any exigent circumstances that made an emergency filing necessary. Although only a summary is required, the debtor's certification must do more than merely state in conclusory terms that an emergency filing was necessary. The chapter 13 trustee sought dismissal of the case because, among other things, "said certification fails to describe exigent circumstances that merit a waiver." Yet the debtor's opposition fails to specify any exigent circumstances. Accordingly, dismissal is warranted.

II

Dismissal is warranted for a second reason. Even if an exigency prevents a debtor from waiting for seven days to file a bankruptcy petition (if he is to obtain a stay under 11 U.S.C. § 362(a) of some collection event scheduled to occur during the seven days), that does not relieve the debtor from requirement of showing, as mandated by § 109(h)(3)(A)(ii), that he "was unable to obtain the services referred to in paragraph (1) within the 7-day period beginning on the date on which the debtor made [a request for credit counseling services]." *In re Mason*, 412 B.R. 1 (Bankr. D.D.C. 2009). In order to comply with

§ 109(h)(3)(A)(ii), a debtor must present evidence that the credit agency was unable to provide credit counseling within seven days of her request. *In re Holsinger*, 465 B.R. 775, 778 (Bankr. W.D. Va. 2012). In giving the debtor additional time to respond to the trustee's motion, the court directed:

> In her opposition, the debtor should identify the credit counseling agency from whom she requested credit counseling before filing the petition, state the date of the request, and set forth any explanation that the agency gave for why it was not able to provide credit counseling within 7 days of her making that request.

The debtor in her opposition to the motion to dismiss stated:

> 4. Debtor contacted a Debt Education Foundation on or about September 30, 2015 around 11 :00 a.m. to receive credit counseling. This was done prior to Debtor's bankruptcy filing.
> *   *   *
> 6. The Debt Education and Certification Foundation, contacted Debtor timely; however, Debtor was unable to complete the course initially, due to illness and a heavy work schedule. Debtor is self employed. Debtor contacted the Foundation again on or about October 21, 2015 and took the course on October 23, 2015.

This does not establish that the credit counseling agency was unable to provide credit counseling services to the debtor during the seven days from the time she made her request, and instead demonstrates that she elected not to proceed with obtaining services due to illness and work demands. The debtor's opposition fails to assert that the credit counseling agency was unable to provide her the required services within seven days (and most agencies are readily able to provide the required services within a few days, and often a few hours). When

3

services are available from the agency within 7 days, the debtor has not been unable to obtain the required services within the meaning of the statute.

The debtor's certification is thus unsatisfactory to the court. Under § 109(h)(3)(A)(iii), the certification must be one that "is satisfactory to the court" if the § 109(h)(3)(A) exception to the requirement of § 109(h)(1) is to apply. Accordingly, the exception does not apply, and the court will dismiss the case on this second basis as well.

III

The debtor was not eligible to be a debtor under the Bankruptcy Code in this case by reason of her failure to comply with 11 U.S.C. § 109(h)(1), and thus an order follows dismissing the case.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee.